ASSOCIATED LEADERS OF LUMBER & FUEL DEALERS OF AMERICA, Appellant, vs. HILDEBRAND LUMBER & SUPPLY COMPANY, Respondent.

*October 10—November 6, 1934.*

*Fulton H. Leberman* of Sheboygan, for the appellant.

For the respondent there was a brief by *Buchen & Federer* of Sheboygan, and oral argument by *G. W. Buchen.*

FOWLER, J. The plaintiff through its agent procured the defendant to sign a contract to run two years from date by which the defendant agreed to pay the sum of $350 in advance and a monthly service fee of $50. By the terms of the contract, if the defendant defaulted in any payments, the plaintiff might declare all subsequent payments due and payable. The defendant failed to pay the monthly payment due in October, 1932, and the plaintiff thereupon declared all subsequent monthly payments due and sued to recover all unpaid monthly payments, which aggregate $700.

The defendant by answer admitted the signing of the contract, and in defense alleged that the contract was procured through a false and fraudulent representation made by the plaintiff's soliciting agent to the defendant, on which the defendant relied and by which the defendant was induced to sign the contract. The fraudulent representation that formed the basis of the defense as stated in the answer was that the plaintiff's soliciting agent represented "that under the financing plan of the National Homes Finance Corporation [with which the plaintiff corporation was affiliated and closely connected], the latter purchased the contracts, securities and other obligations arising from the construction and modernizing of homes by the defendant . . . outright and without any further obligation or liability on the part of the defendant" upon or by reason of the sale of said contracts and securities.

The fraud issue was submitted to the jury by a special verdict by which the jury found that before signing the contract sued upon the plaintiff's agent stated to the manager of the defendant company, who acted for the company in the transaction, that upon the signing of the contract the National Homes Finance Corporation "would purchase first and second mortgages on homes constructed or modernized" by the defendant without requiring the defendant "to assume liability on such mortgages;" that the statement was false; that the agent did not know it was false; that the defendant's manager relied on the statement as true; that he was induced to sign the contract by the statement; that the statement was made for the purpose of inducing him to sign the contract; and that he was justified in relying on the statement. Upon this verdict the court entered judgment dismissing the complaint with costs.

The appellant's contentions simmer down to the proposition that the findings of the jury are not supported by the evidence, and that the verdict as it stands does not support the judgment because the false representation relied upon relates to the future and not to an existing fact.

As to the first point, we are of opinion that the evidence supports the findings of the jury. No useful purpose would be served by detailing the evidence.

As to the second point, the language of the question indicates that the representation stated related to the future. However, the representation alleged in the answer as the basis of the defense is stated as an existing fact,—that the National Homes Finance Corporation purchased the contracts and securities arising from building operations of the signers of the contracts without the signers becoming liable thereon or by reason of the sale of the securities.

The circuit judge in his written decision on motions after verdict states that counsel for the parties met with him in chambers, and that the proper form of the primary question

covering the issue of fraud was discussed; and that counsel on both sides agreed to the form submitted as properly covering that issue. This may properly be taken as the fact, and counsel should not now be heard to object to the mere form of the question.

But the circuit judge also says in his decision that "the question that was fought out before the jury was whether Sleeper [the plaintiff's soliciting agent] told Hildebrand [the defendant's manager] that if he signed the contract, the signing of that contract *would entitle him* to sell mortgages to the National Homes Finance Corporation without recourse liability." If this be taken as the fact, it seems to indicate either that the representation was a promise relating to the future or a matter of law as to the effect of the contract, neither of which would form a basis for relief. It is true that there would be no material difference between inquiring by the question submitted whether the National Homes Finance Corporation would purchase or did purchase from persons signing the contracts, if the evidence was that they did purchase. If they did purchase or were purchasing, at the time the contract was signed, this would indicate that they would purchase from the defendant in the future. But we find no evidence to the effect that the soliciting agent said they did purchase or were purchasing at that time. And the defendant's manager testified that he was told that the National Homes Finance Corporation was not yet fully organized for operation and this tends to negative that it was purchasing and to indicate that the statement relied on related to the future. The finding of the jury that the plaintiff's agent did not know that the representation was false is not without significance as indicating that the representation related to the future. If it related to a method of doing business in actual operation the agent very likely knew whether it was true or false.

Respondent's counsel cite several paragraphs of the contract which they contend show that financing facilities were to be a part of plaintiff's service. Reference to the paragraphs cited does not support this contention. One item indicates that an operating manual would be sent which would furnish a "complete description" of the services to be sent to member dealers. But the services so described would necessarily fall within those itemized in the contract, and furnishing services in financing is not within those items. At the head of the items of services to be received by the defendant it is stated that those specified were the "minimum," thus indicating that other services might be performed, but the services contracted for were to be furnished by the plaintiff. There is no reference in the contract to services to be performed by the National Homes Finance Corporation. Anyhow, these matters could only tend to establish a defense for breach of the contract, and, as the only defense submitted to the jury was that of fraud, breaches of contract, if there were any, are beside the case as it was presented to the jury.

We are of opinion that the representation relied on was a promissory representation, and as such does not support a defense of fraud. So much has recently been said upon this subject in *Beers v. Atlas Assurance Co.* 215 Wis. 165, 253 N. W. 584, that there is no need to say anything upon it here.

*By the Court.*—The judgment of the circuit court is reversed.